OPINION
{¶ 1} Defendant-appellant, John Kitzler (hereinafter "Kitzler"), appearing pro se, appeals the judgment of the Wyandot County Court of Common Pleas, denying his post-conviction motions for Modification of Plea Agreement and Withdrawal of Guilty Plea.
 {¶ 2} Kitzler was originally indicted on August 22, 2001 for Operating a Motor Vehicle under the Influence, in violation of R.C. 4511.19(A)(1), a felony of the third degree. As a result of plea negotiations, Kitzler entered a guilty plea on March 1, 2002. Before entering his plea, Kitzler signed a four-page document explaining his rights pursuant to Criminal Rule 11, specifically that "defendant fully understands that the court is not bound by sentence recommendations and may impose the maximum sentence."
 {¶ 3} On April 9, 2002, following a pre-sentence investigation that revealed Kitzler had eighteen prior convictions for OMVI and eighteen prior convictions for driving under suspension or without a driver's license, Kitzler was sentenced to a five-year term of imprisonment, the maximum term for a felony of the third degree. On April 12, 2002, Kitzler filed a Motion to Withdraw his Guilty Plea, asserting that he was induced into entering the guilty plea based on statements by the prosecutor that he would receive a three-year prison term with the possibility of judicial release. The trial court denied Kitzler's motion.
 {¶ 4} Kitzler appealed his conviction and sentence to this court. Upon issuing our October 2, 2002 decision, we noted that Kitzler conceded the plea agreement contained language that the trial court was not bound by the sentencing recommendation, but he believed the court would impose the prosecutor's recommended sentence. Finding that Kitzler's belief did not constitute reversible error, we affirmed the trial court's imposition of the maximum sentence.
 {¶ 5} On April 19, 2004, Kitzler filed another motion, requesting Modification of his Plea Agreement. On June 30, 2004, he filed another motion to Withdraw his Guilty Plea. The trial court ruled on both motions July 6, 2004. The trial court denied both motions without an evidentiary hearing.
 {¶ 6} It is from the denial of these motions that Kitzler appeals, setting forth two assignments of error for our review. We will address the two assignments of error together.
 Assignment of error No. I The trial court committed plain error in denying Appellant hismotion to correct Motion for Modification of Plea Agreement whensaid motion was supported by documented evidence.
 Assignment of error No. II The trial court abused its discretion in its erroneous decision indenying Defendant-appellant's Motion for Modification of Plea Agreementin violation of Defendant-appellant's Sixth and Fourteenth Amendmentrights to the United States Constitution and Article I, Section 16, ofthe Ohio Constitution.
 {¶ 7} In these two assignments of error, Kitzler argues that the trial court erred in denying his post-conviction Motions for Modification of Plea Agreement and Withdrawal of his Guilty Plea on the basis that evidence exists that he was deceived into entering a guilty plea with the understanding he would receive a lesser sentence than the one imposed by the trial court. Kitzler asserts that his constitutional rights were violated as his guilty plea was not intelligently, knowingly or voluntarily entered.
 {¶ 8} It is established that, pursuant to doctrine of res judicata, a defendant cannot raise an issue in a motion for post-conviction relief if he could have raised, or did raise, the issue on direct appeal. State v.Reynolds (1997), 79 Ohio St.3d 158, 161. Res judicata promotes the principle of finality of judgments by requiring the presentment of every possible ground for relief in the first action. Kirkhart v. Keiper,101 Ohio St.3d 377, 2004-Ohio-1496, at ¶ 5, citing Natl. Amusements,Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62.
 {¶ 9} We find that Kitzler could have raised the issue of the voluntariness of his guilty plea on direct appeal. Therefore, Kitzler is barred by res judicata from raising the issue in this appeal. Furthermore, even assuming Kitzler's motions are not barred by res judicata, we find no support for his assertions.
 {¶ 10} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Shaw, J.J., concur.