[Cite as *State v. Mackey*, 2014-Ohio-5372.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA3645 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| RICKEY MACKEY, | : | |
| Defendant-Appellant. | : | **RELEASED: 11/26/2014** |

<u>APPEARANCES</u>:

Rickey Mackey, Caldwell, Ohio, pro se appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay S. Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Harsha, J.

{¶1}    After Rickey Mackey pleaded guilty to possession of crack cocaine, trafficking in drugs/crack cocaine, and conspiracy to traffic drugs, the Scioto County Court of Common Pleas sentenced him to an agreed aggregate prison term of 18 years. Mackey did not timely appeal, and we subsequently denied his motions for leave to file a delayed appeal. More than four and a half years after the trial court imposed the judgment of conviction and sentence, Mackey filed a postsentence motion to withdraw his guilty plea.  The trial court denied the motion.

{¶2}    On appeal Mackey challenges the propriety of the trial court's order denying his motion to withdraw his guilty plea.  He claims that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court did not inform him of the maximum penalties involved and that any prison sentence he would receive would be mandatory time.

{¶3}   Because Mackey either raised or could have raised his claims in a timely direct appeal or in his motions for a delayed appeal from his judgment of conviction and sentence, res judicata bars him from raising them in his postsentence motion to withdraw his guilty plea.  Consequently, we overrule his assignments of error and affirm the judgment of the trial court.

## I. FACTS

{¶4}   In September 2008, a Scioto County grand jury returned an indictment charging Mackey with one count of possession of crack cocaine, one count of trafficking in drugs/crack cocaine, and one count of conspiracy to traffic drugs.  Mackey received appointed counsel and entered a plea of not guilty to the charges. Mackey pled guilty to the charges in September 2009 and the trial court sentenced Mackey to an aggregate 18-year prison term, which was agreed to by the parties. Mackey did not file a timely appeal from his sentence.

{¶5}   Instead, two and a half years later, in March 2012, he filed a pro se motion for leave to file a delayed appeal in Case No. 12CA3475.  Mackey claimed that neither the trial court nor his counsel had informed him that his right to appeal must be pursued within 30 days of the judgment.  In April 2012, we denied the motion.

{¶6}   In April 2014, over four and a half years after the trial court's September 2009 final judgment of conviction, Mackey filed a second pro se motion for leave to file a delayed appeal from that judgment.  Mackey claimed that the trial court had failed to inform him of his rights to appeal the sentence and have counsel appointed for him on appeal, that the offenses he was convicted of were allied offenses of similar import that

should have merged, and that his guilty plea was not made knowingly, intelligently, and voluntarily because the trial court did not inform him of the maximum penalty involved.

{¶7}   On the same date that he filed his second pro se motion for leave to file a delayed appeal from his 2009 judgment of conviction, Mackey filed a pro se Crim.R. 32.1 motion to withdraw his guilty plea.  Mackey again claimed that his guilty plea was invalid because the trial court did not inform him of the maximum penalty involved for the offenses.  After the state filed a memorandum in opposition to the motion to withdraw, the trial court issued an entry stating that it lacked jurisdiction to rule on the motion while Mackey's motion for leave to appeal was pending.

{¶8}   In June 2014, in Case No. 14CA3622 we denied Mackey's second motion for leave to appeal his conviction and sentence.  We held that res judicata barred his successive motion for delayed appeal. *Id.*   In July 2014, we dismissed Case No. 14CA3625 for lack of a final appealable order.  This was Mackey's appeal from the trial court's entry that it lacked jurisdiction to rule on his motion to withdraw his guilty plea while his motion for leave to appeal remained pending.

{¶9}   Upon being notified of our judgment, the trial court denied Mackey's motion to withdraw his guilty plea.  This appeal followed.

II. ASSIGNMENTS OF ERROR

{¶10}  Mackey assigns the following errors for our review:

1. THE TRIAL COURT ERRED AND DID NOT INFORM APPELLANT OF THE MAXIMUM PENALTY INVOLVED AS REQUIRED BY OHIO CRIMINAL RULE 11(C)(2)(A) AT APPELLANT'S CHANGE OF PLEA HEARING BECAUSE THE COURT DID NOT CLEARLY INFORM APPELLANT THAT ANY PRISON SENTENCE HE MAY RECEIVE WOULD BE MANDATORY TIME.

   2. THE TRIAL COURT VIOLATED CRIM.R. 11 WHEN IT COMPLETELY
      FAILED TO ADVISE DEFENDANT OF THE MAXIMUM POSSIBLE
      SENTENCE FOR COUNT 2.  AS A RESULT, DEFENDANT DID NOT
      KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVE HIS
      CONSTITUTIONAL RIGHTS WITH RESPECT TO COUNTS 2.  HIS
      CONVICTIONS AND SENTENCES FOR THOSE COUNTS VIOLATE
      HIS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH
      AMENDMENTS TO THE U.S. CONSTITUTION AND SECTIONS 10
      AND 16 OF ARTICLE ONE OF THE OHIO CONSTITUTION.

### III. STANDARD OF REVIEW

{¶11}  "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; *State v. Ogle*, 4th Dist. Hocking No. 13CA18, 2014-Ohio-2251, ¶ 8.  A manifest injustice is a clear and openly unjust act; it relates to a fundamental flaw in the proceedings resulting in a miscarriage of justice or a deprivation of due process.  *See State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998); *Ogle* at ¶ 8; *Hall*, 10th Dist. Franklin No. 03AP-433, 2003-Ohio-6939, at ¶ 12.  "This is an 'extremely high standard' that permits a defendant to withdraw his plea 'only in extraordinary cases.' " State *v. Walton*, 4th Dist. Wash. No. 13CA9, 2014-Ohio-618, ¶ 10, quoting *State v. Darget*, 4th Dist. Scioto No. 12CA3487, 2013-Ohio-603, ¶ 21.

{¶12}  The decision to grant or deny a Crim.R. 32.1 postsentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court, and appellate review of the denial of the motion is thus limited to a determination of whether the trial court abused its discretion.  *Walton* at ¶ 11; *see also Smith* at paragraph two of the syllabus ("A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's

assertions in support of the motion are matters to be resolved by that court"). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

## IV. LAW AND ANALYSIS

{¶13} Mackey asserts that the trial court erred in denying his Crim.R. 32.1 postsentence motion to withdraw his guilty plea. He claims that his plea is invalid because it was not made knowingly, intelligently, and voluntarily because the trial court failed to notify him of the maximum penalties for his offenses, including that his sentence included mandatory time. *See State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996) (" 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of these points renders enforcement of the plea unconstitutional under both the United States and Ohio Constitutions' "); *State v. Lamb*, 4th Dist. Highland No. 14CA3, 2014-Ohio-2960, ¶ 12.

{¶14} "It is well established law in Ohio that * * * '[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " State *v. Seal*, 4th Dist. Highland No. 13CA10, 2014-Ohio-4168, ¶ 12, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Therefore, "[i]f a party fails to timely appeal

a final order, matters that could have been reviewed on appeal become res judicata and cannot be reviewed in related or subsequent proceedings or appeals." *State v. Swayne*, 4th Dist. Adams Nos. 12CA952, 12CA953, and 12CA954, 2013-Ohio-3747, ¶ 24. The applicability of res judicata is a question of law, which we determine de novo. *State v. Tolliver*, 4th Dist. Athens No. 12CA36, 2013-Ohio-3861, ¶ 12.

{¶15} Courts, including this one, have applied res judicata to bar defendants from raising claims in a Crim.R. 32.1 postsentence motion to withdraw that they either raised or could have raised in a direct appeal from their judgment of conviction and sentence. *See, e.g., State v. Ketterer*, 126 Ohio St.3d 448, 2919-Ohio-3831, 935 N.E.3d 9, ¶ 59 ("Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal"); *State v. Dent*, 8th Dist. Cuyahoga No. 100605, 2014-Ohio-3141, ¶ 4 ("The doctrine of res judicata, however, prohibits all claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised on direct appeal"); *State v. Muhumed*, 10th Dist. Franklin No. 2012-Ohio-6155, ¶ 15 ("res judicata applies * * * to issues raised in a post-sentencing Crim.R. 32.1 motion that were or could have been raised in direct appeal"); *State v. Vincent*, 4th Dist. Ross No. 03CA2713, 2003-Ohio-3998, ¶ 11 ("The doctrine of res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised in prior proceedings").

{¶16} "This concept extends to situations involving defendants who failed to file the direct appeal." *Dent* at ¶ 4, citing *State v. Walters*, 4th Dist. Scioto No. 12CA3482, 2013-Ohio-695, ¶ 14. It also applies to claims that the plea is invalid because it was not

knowingly, intelligently, and voluntarily made. *See, e.g., State v. Jones*, 8th Dist. Cuyahoga No. 93478, 2010-Ohio-1985, ¶ 8 ("Because Jones could have raised the issues concerning the voluntariness of her plea * * * in a direct appeal, she is precluded by res judicata from raising the issues herein" in an appeal from the denial of her postsentence motion to withdraw her guilty plea); *State v. Kitzler*, 3rd Dist. Wyandot No. 16-04-13, 2005-Ohio-425, ¶ 9 ("Kitzler could have raised the issue of the voluntariness of his guilty plea on direct appeal * * * [and] is barred by res judicata from raising the issue in this appeal" from the denial of his postsentence motion to withdraw his guilty plea); *see* Katz, Martin, Lipton, Giannelli, and Crocker, *Baldwin's Ohio Practice Criminal Law*, Section 80:20 (3d Ed.2013) ("A defendant can also appeal from the denial of a motion to withdraw a guilty plea under Criminal Rule 32.1, although issues that could have been raised on direct appeal from judgment of conviction are barred by the doctrine of res judicata").

**{¶17}** Mackey could have raised his claims that his guilty plea was invalid in a timely direct appeal or in his delayed appeals. Therefore, res judicata barred him from raising these claims in his belated postsentence motion to withdraw his guilty plea. The trial court did not abuse its discretion in denying his motion. We overrule Mackey's assignments of error.

## V. CONCLUSION

**{¶18}** The trial court did not abuse its discretion in denying Mackey's Crim.R. 32.1 postsentence motion to withdraw because res judicata barred him from raising claims in the motion that he raised or could have raised in a timely direct appeal from

his judgment of conviction and sentence.  Having overruled Mackey's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**