Hoover, J.
{¶ 1} Defendant-appellant, Michael Snyder, appeals the judgment of the Pike County Court of Common Pleas denying his post-sentence motion to withdraw guilty plea. On appeal, Snyder argues that he should be allowed to withdraw his plea because (1) his conviction is void for lack of subject matter jurisdiction; and (2) he received ineffective assistance of counsel.
{¶ 2} Snyder argues that his conviction is void for lack of subject matter jurisdiction because he was convicted of an unclassified felony when the indictment charged him with a first-degree felony. However, Snyder waived any defects in the indictment by failing to object to the indictment and pleading guilty.
{¶ 3} Snyder also argues that his trial counsel was ineffective for allowing him to plead guilty to an unclassified felony and then allowing the trial court to convict him of an unclassified felony. However, Snyder's ineffective assistance of counsel claim could have been raised on direct appeal and is therefore barred by res judicata.
{¶ 4} Accordingly, we affirm the judgment of the trial court.
I. Facts and Procedural History
{¶ 5} On June 30, 2014, a complaint was filed in the Pike County Court charging Snyder with one count of murder in violation of R.C. 2903.02(A). Snyder was subsequently indicted by a Pike County Grand Jury on the same charge, along with an attendant firearm specification. Snyder entered a plea of not guilty.
{¶ 6} Through discovery, the following facts were uncovered. On June 13, 2016, police received a call about a dispute on Fairview Road in Peebles, Ohio. Deputy Cottrell of the Pike County Sherriff's Office responded to the scene and spoke with the caller, Kim Snyder ("Snyder's wife"). Snyder's wife stated that her neighbor's son, Tylor Tong ("Tylor"), was threatening her and her husband. Apparently, the threats related to an ongoing property-line dispute between the two families.
{¶ 7} Snyder told Deputy Cottrell that he was going to shoot anyone who trespassed onto his property. Deputy Cottrell advised Snyder that that was against the *835 law. After the situation diffused, Deputy Cottrell left.
{¶ 8} Later that day, however, police received a call that Tylor's father, Kenneth Tong ("Tong"), had been shot. Once on scene, police discovered Tong lying in a field with a single gunshot wound to the head. Tong was taken to the hospital where he later died.
{¶ 9} When police approached Snyder, he admitted to shooting Tong. Eyewitness later confirmed that the shooting occurred during a heated altercation between Snyder, Tong, and Snyder's stepson.
{¶ 10} On February 2, 2015, a change-of-plea hearing was held. At the start of the hearing, the trial court brought up an error in the indictment:
The Court: All right. * * * The indictment itself says, uh, murder, a felony of the first degree. * * * Technically, murder is not a felony of the first degree. It's an unclassified felony under, uh, Ohio's law. Both the State and defense understand that, correct?
[The Prosecutor]: Correct, Your Honor.
[Defense Counsel]: Oh, we do, Your Honor.
The Court: And so, we're proceeding then, uh, with the understanding that the charge of murder is an unclassified felony. * * *
(Feb. 2, 2015, Hrg., p. 8).
{¶ 11} After waiving his rights, Snyder pleaded guilty to one count of murder, an unclassified felony, and was immediately sentenced to 15 years to life in prison.[1]
{¶ 12} Snyder timely appealed; but his appeal was dismissed shortly thereafter upon his request.
{¶ 13} After approximately twenty-two months, in December 2016, Snyder moved to withdraw his guilty plea. First, he argued that the trial court and trial counsel erred in failing to inform him that the State would have to prove beyond a reasonable doubt that he purposely killed Tong. Snyder maintained that if he had known the alleged culpable mental state, he would have gone to trial because he did not act purposely. In that regard, he maintained that the trial court failed to comply with Crim.R. 11 and that he received ineffective assistance of counsel. Second, he argued that trial counsel was ineffective for failing to raise the defense of accident. Third, Snyder argued that the State failed to properly indict him for the offense of murder. Specifically, he argued that he was never put on notice that he was charged with an unclassified felony. Finally, he argued that trial counsel was ineffective for advising him to plead guilty to an offense other than first-degree murder.
{¶ 14} On December 12, 2016, the trial court denied Snyder's motion.
{¶ 15} Snyder timely appealed the denial of the motion to withdraw guilty plea.
II. Assignments of Error
{¶ 16} Snyder assigns the following errors for our review:
Assignment of Error No. 1:
The trial courts [sic] December 12th, 2016 decision and corresponding judgment entry overruling and denying the defendants [sic] Pre Sentence Motion to Withdraw Guilty Plea was a prejudicial error as a result of the courts [sic] failure *836 to correct a manifest injustice' [sic] as contemplated.
Assignment of Error No. II:
The trial court erred in finding defendant guilty and imposing sentence upon charges for which the court did not have jurisdiction.
Assignment of Error No. III:
Ineffectiveness of trial counsel when a defendant is entering a guilty plea can be a manifest injustice to withdraw a guilty plea and/or counsel representation fell below an objective standard of reasonableness.
III. Law and Analysis
{¶ 17} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v. Smith, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; State v. Ogle, 4th Dist. Hocking No. 13CA18, 2014-Ohio-2251, 2014 WL 2442247, ¶ 8. A manifest injustice is a clear and openly unjust act; it relates to a fundamental flaw in the proceedings resulting in a miscarriage of justice or a deprivation of due process. See State ex rel. Schneider v. Kreiner, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998) ; Ogle at ¶ 8 ; State v. Hall, 10th Dist. Franklin No. 03AP-433, 2003-Ohio-6939, 2003 WL 22976587, ¶ 12. "This is an 'extremely high standard' that permits a defendant to withdraw his plea 'only in extraordinary cases.' " State v. Walton, 4th Dist. Washington No. 13CA9, 2014-Ohio-618, 2014 WL 705418, ¶ 10, quoting State v. Darget, 4th Dist. Scioto No. 12CA3487, 2013-Ohio-603, 2013 WL 658664, ¶ 21.
{¶ 18} The decision to grant or deny a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court; appellate review of the denial of the motion is thus limited to a determination of whether the trial court abused its discretion. Walton at ¶ 11 ; see also Smith at paragraph two of the syllabus ("A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." State v. Darmond, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.
{¶ 19} In the case sub judice, Snyder's motion to withdraw guilty plea is premised on the argument that his conviction is void for lack of subject matter jurisdiction because he was convicted of an unclassified felony when the indictment charged him with a first-degree felony. In support, he relies on the Ohio Supreme Court's holding in State v. Cimpritz , 158 Ohio St. 490, 110 N.E.2d 416 (1953). Cimpritz held that a judgment of conviction based on an indictment that omits a material element of the offense does not charge an offense and, therefore, is void for lack of subject matter jurisdiction. Id. at paragraph six of the syllabus.
{¶ 20} However, Cimpritz was "explained and distinguished" in Midling v. Perrini , 14 Ohio St.2d 106, 236 N.E.2d 557 (1968). There, "the court rejected an attempt by a defendant to collaterally attack his conviction in a habeas corpus proceeding on the basis that the indictment from which his conviction arose did not state an *837 offense." State v. Shie , 12th Dist. Butler No. CA2007-02-038, 2008-Ohio-350, 2008 WL 296395, ¶ 52, citing Midling at 106-107, 236 N.E.2d 557.
{¶ 21} The court ultimately held that "where a defendant while represented by counsel pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense." Midling at 107, 236 N.E.2d 557. Rather, "[s]uch an indictment can only be attacked directly on appeal." Id.
{¶ 22} "What Midling makes clear is that a judgment of conviction arising from an indictment that omitted a material element of the charged offense is not void for lack of subject matter jurisdiction, but, instead, merely voidable on a direct appeal from that judgment of conviction." (Emphasis added.) Shie at ¶ 54, citing Midling at 107, 236 N.E.2d 557 ("it would have been sufficient to use the word 'voidable' instead of 'void' in [paragraph six] of the syllabus.").
{¶ 23} Unlike true issues of voidness, "[a] voidable error can be waived." State v. Peeks , 10th Dist. Franklin No. 05AP-1370, 2006-Ohio-6256, 2006 WL 3438669, ¶ 9, citing State v. Grimm , 2d. Dist. Miami No. 96CA-37, 1997 WL 200550 (Apr. 25, 1997) (failure to object to voidable defect waives issue on appeal); Trotwood v. Wyatt , 2d. Dist. Montgomery No. 13319, 1993 WL 9714 (Jan. 21, 1993) (voidable defects waived on appellate review if not raised below); State v. Barnes , 7 Ohio App.3d 83, 85, 454 N.E.2d 572 (3d. Dist. 1982) (failing to object to voidable order waived any error).
{¶ 24} In State v. Barton , 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307 (2006), the Ohio Supreme Court considered whether a defendant waived the type of voidable error at issue here by failing to object to the indictment and pleading guilty. There, the defendant argued that the grand jury did not properly indict him for having a weapon while under a disability. Id. at ¶ 69. He maintained that his guilty plea did not waive the issue because a jurisdictional issue could be raised at any time. Id.
{¶ 25} Although the Court chose to consider the merits of the defendant's claim anyway, it "agre[ed] with the state that [the defendant] waived any deficiency in the indictment by failing to object to the indictment and by pleading guilty to the offense." Id. at ¶ 73. The Court explained,
Crim.R. 12(C)(2) mandates that "Defenses and objections based on defects in the indictment" must generally be raised "[p]rior to" trial, and we have previously held that "failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved." State v. Biros (1997), 78 Ohio St.3d 426, 436, 678 N.E.2d 891. Crim.R. 11(B)(1) states, "The plea of guilty is a complete admission of the defendant's guilt."
(Citations omitted.) Id.
{¶ 26} Like the defendant in Barton , Snyder did not object to the indictment and pleaded guilty to the offense. Therefore, he waived any deficiency in the indictment.
{¶ 27} Snyder also argues that his trial counsel was ineffective for allowing him to plead guilty to an unclassified felony and then allowing the trial court to convict him of an unclassified felony.
{¶ 28} "Under the doctrine of res judicata , a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant *838 at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk , 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. Accord State v. Pulliam , 4th Dist. Scioto No. 16CA3759, 2017-Ohio-127, 2017 WL 132681, ¶ 10.
{¶ 29} "Courts, including this one, have applied res judicata to bar defendants from raising claims in a Crim.R. 32.1 postsentence motion to withdraw that they either raised or could have raised in a direct appeal from their judgment of conviction and sentence." State v. Mackey , 4th Dist. Scioto No. 14CA3645, 2014-Ohio-5372, 2014 WL 6877056, ¶ 15, citing State v. Ketterer, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.3d 9, ¶ 59 ("Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal"); State v. Dent, 8th Dist. Cuyahoga No. 100605, 2014-Ohio-3141, 2014 WL 3537858, ¶ 4 ("The doctrine of res judicata, however, prohibits all claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised on direct appeal"); State v. Muhumed, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, 2012 WL 6738337, ¶ 15 ("res judicata applies * * * to issues raised in a post-sentencing Crim.R. 32.1 motion that were or could have been raised in direct appeal"); State v. Vincent, 4th Dist. Ross No. 03CA2713, 2003-Ohio-3998, 2003 WL 21716004, ¶ 11 ("The doctrine of res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in prior proceedings").
{¶ 30} Because Snyder could have raised his argument in a direct appeal, his argument is barred by the doctrine of res judicata; and he cannot now raise it in a motion to withdraw guilty plea. See , e.g. , State v. Young , 8th Dist. Cuyahoga No. 104861, 2017-Ohio-5579, 2017 WL 2817583, ¶ 7 ("Young could have raised any argument regarding ineffective assistance of counsel relating to his plea * * * in his direct appeal. Because he did not do so, his ineffective assistance of counsel claim is now barred by res judicata.).
IV. Conclusion
{¶ 31} Having determined that Snyder's first claim was waived and his second claim is barred by res judicata, we overrule his assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.

In exchange for his plea, the State agreed, inter alia, not bring charges against Snyder's stepson for crimes he may have committed on the day of the murder. It is unclear what charges, if any, the State planned to bring against Snyder's stepson. However, Snyder's stepson eventually admitted to hitting Tong and knocking him to the ground immediately before Snyder shot him.