[Cite as *State v. Toliver*, 2021-Ohio-1790.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 20CA6 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| DECHAUN TOLIVER, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 05/18/2021** |

_____
<u>APPEARANCES:</u>

Keller J. Blackburn, Athens County Prosecutor, and Merry M. Saunders, Assistant Athens County Prosecutor, for Appellee.

Dechaun Toliver, Appellant pro se.
_____

Wilkin, J.

{¶1} Appellant, Dechaun Toliver ("appellant"), filed an appeal of the trial court's February 6, 2020 dismissal entry. Having reviewed appellant's arguments, the record, and the applicable law, we conclude that appellant's appeal lacks merit. Therefore, we affirm the trial court's judgment that dismissed appellant's motion to withdraw his plea.

BACKGROUND

{¶2} On June 28, 2018, appellant pleaded guilty to two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) ("RICO"). The trial court sentenced appellant to an aggregate eight-year prison term. Appellant did not file a direct appeal of his plea. He has subsequently filed

numerous post-conviction pleadings, but we only identify the ones relevant to this appeal.

{¶3} On May 10, 2019, appellant filed a motion to withdraw his plea alleging that the state failed to set forth an adequate RICO charge under Ohio law, which the trial court denied on May 28, 2019.  Appellant also did not appeal this decision.

{¶4} On November 12, 2019, appellant filed a "Motion for Leave to Traverse Motion to Withdraw Plea, Instanter."  On February 6, 2020, the trial court issued a judgment entry that dismissed appellant's motion as moot, finding that it previously denied appellant's May 10, 2019 motion to withdraw his plea.

{¶5} Appellant filed a notice of appeal of the trial court's February 6, 2020 dismissal entry.  Appellant filed his merit brief, which states: "Now comes defendant-appellant in pro se, pursuant to Criminal Rule 32.1, and hereby respectfully moves this Honorable Court to order a withdrawal of his guilty plea[,]" [and] * * * to vacate the sentence imposed herein."

{¶6} In response, the state argues that this court lacks jurisdiction to decide a Crim.R. 32.1 motion.  In the alternative, the state argues that the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea.

Law and Analysis

{¶7} Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and

permit the defendant to withdraw his or her plea." "Section 4(B), Article IV of the Ohio Constitution, provides that '*courts of common pleas* and divisions thereof shall have such *original jurisdiction* over all justiciable matters * * * as may be provided by law[,]' [w]hile R.C. 2931.03 generally gives courts of common pleas 'original jurisdiction of all crimes and offenses[.]' " (Emphasis added.) *State ex rel. Larkins v. Baker*, 73 Ohio St. 3d 658, 660, 1995-Ohio-144, 653 N.E.2d 701, 702-703. This includes the authority to grant or deny a defendant's post-sentence-Crim.R. 32.1 motion to withdraw a guilty plea. *See State v. Snyder*, 4th Dist. Pike No. 16CA881, 2017-Ohio-8091, 96 N.E.3d 833, ¶ 18.

{¶8} However, the jurisdiction of courts of appeals is more limited, having authority "as may be provided by law to *review* and affirm, modify, or reverse judgments or *final orders* of the *courts of record inferior* to the court of appeals within the district * * *." (Emphasis added.) Ohio Const. Article IV, Section 3. In an appeal, our standard of review of a trial court's decision to grant or deny a defendant's motion to withdraw a plea is whether the trial court abused its discretion. *Snyder*, at ¶ 18. " 'A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary.' " *Id.*, quoting *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶9} Appellant's brief states: "Now comes defendant-appellant in pro se, pursuant to Criminal Rule 32.1, and hereby respectfully moves this Honorable Court to order a withdrawal of his guilty plea." He then proceeds to argue the merits of why his motion should be granted. It is unclear whether appellant is asking this court to grant his motion to withdraw his plea, or is asking this court to

reverse the trial court's decision that dismissed his November 12, 2019 motion to withdraw his plea as being moot.  However, he is not entitled to relief under either argument.

{¶10} If appellant is moving this court to grant his motion to withdraw his plea, we lack original jurisdiction under the Ohio Constitution to order such relief. See Ohio Const. Article IV, Section 3.  Alternatively, if appellant's pleading herein is an attempt to appeal the trial court's decision dismissing his November 12, 2019 motion to withdraw his plea, his argument lacks merit because the trial court had previously denied appellant's May 10, 2019 motion to withdraw his plea, making his November 12, 2019 motion moot.

{11} And to the extent that appellant intended his November 12, 2019 motion as a "new" motion to withdraw his plea for the trial court to consider, "[i]t is axiomatic that res judicata bars successive Crim.R. 32.1 motions to withdraw guilty pleas when the grounds for the plea were raised, or could have been raised, in the initial motion."  *State v. Lofton*, 4th Dist. Pickaway No. 12CA21, 2013 WL 1195648, * 2, citing *State v. Kelm,* 6th Dist. Wood No. WD-11-024, 2013-Ohio-202, ¶ 10; *State v. Kent,* 4th Dist. Jackson No. 02CA21, 2003-Ohio-6156, ¶ 6.  Appellant's initial motion to withdraw his plea filed on May 10, 2019, as well as the one that is currently on appeal before the court, were both based on the same argument, i.e. the state failed to adequately charge appellant with a RICO offense.  Raising the same argument in consecutive motions to withdraw a plea is precisely the type of endless litigation that res judicata intends to prevent. *State v. Literal*, 4th Dist. Scioto No. 12CA3479, 2012-Ohio-6298, ¶ 6, quoting

*State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245, 846 N.E.2d 824, ¶ 18. (" '[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.' ").

CONCLUSION

**{¶12}** Therefore, to the extent that appellant intended to move this court to grant his motion to withdraw his plea, we lack jurisdiction to do so. Alternatively, to the extent that appellant intended his pleading herein to be an appeal of the trial court's dismissal of his motion to withdraw his plea, we find that the trial court did not abuse its discretion in dismissing appellant's motion. Accordingly, we affirm the trial court's entry dismissing appellant's motion to withdraw his plea.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Abele, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. WIlkin, Judge


### **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**