[Cite as *State v. Straley*, 2018-Ohio-3080.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA4 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| GREGORY S. STRALEY, | : | |
| Defendant-Appellant. | : | RELEASED 07/27/2018 |

<u>APPEARANCES</u>:

Gregory S. Straley, Chillicothe Correctional Institution, Chillicothe, Ohio, pro se appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Hoover, P.J.

{¶1}   Defendant-appellant, Gregory S. Straley, appeals from the judgment of the Highland County Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea. Because the trial court abused its discretion by denying the motion based on res judicata when it imposed a void sentence that improperly consisted of a non-mandatory prison term, we reverse the judgment and remand for further proceedings.

**I. Facts and Procedural Posture**

{¶2}   In September 2008, the Highland County Grand Jury returned an indictment charging Straley with 14 counts, including five counts of sexual battery, four counts of gross sexual imposition, four counts of rape, and one count of illegal use of a minor in nudity-oriented material or performance. Straley initially pleaded not guilty to all of the charges.

{¶3}    In January 2009, Straley, who was represented by counsel, withdrew his not-guilty plea and in return for the dismissal of the remaining counts, pleaded guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), third-degree felonies, three counts of sexual battery in violation of R.C. 2907.03(A)(5), second-degree felonies, two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), fourth-degree felonies, and one count of sexual battery in violation of R.C. 2907.03(A)(5), a third-degree felony. The written plea form included a handwritten "No" in the "Prison Term is Mandatory/Consecutive" column for each of the offenses, and an agreed prison sentence of various terms to be run consecutively for an aggregate term of 35 years and 10 months.

{¶4}    At the plea hearing, the trial court in its Crim.R. 11 colloquy emphasized to Straley that none of the sentences were mandatory:

> THE COURT:  Okay.  Now, under the law none of these sentences are mandatory, meaning that you have to be sent to prison.  Some cases there are mandatory prison sentences where community control is not permitted. Community control is permitted by law in this case.  It's not recommended and it's improbable that even if it were recommended that it would be granted.  * * * So, you understand that that is legally possible, although it's not going to happen in this case?
>
> MR. STRALEY:  Yes, Your Honor.

{¶5}    In one of the gross sexual imposition counts he pleaded guilty to, Straley was charged with knowingly having sexual contact with K.S. beginning on or about January 1, 2005 and continuing through April 30, 2007, on Antioch Road in Highland County, with K.S. being less than 13 years old during that period. The three second-degree sexual battery counts that Straley pleaded guilty to also involved the same victim during the same period and at the same location, i.e. they occurred when the victim was less than 13 years old and included a period on or after August 3, 2006.

{¶6} The trial court accepted Straley's plea and convicted him of the offenses. It then proceeded to sentence him to the agreed aggregate prison term of 35 years and 10 months, which included consecutive seven-year terms for each of the second-degree felony sexual battery convictions. The trial court then issued a judgment entry reflecting the sentence. In its sentencing entry, the trial court specified that "a mandatory prison term * * * is not * * * required by [R.C.] 2929.13(F)." The trial court did not mention any sex-offender classification.

{¶7} On appeal, Straley, represented by counsel, raised several assignments of error, including that "THE TRIAL COURT ERRED BY IMPOSING A MANDATORY SENTENCE WITHOUT ADVISING THE APPELLANT THAT THE SENTENCE WAS MANDATORY." We overruled Straley's assignments of error and affirmed the trial court's judgment. *State v. Straley*, 4th Dist. Highland No. 09CA4, 2009-Ohio-6170 ("*Straley I*"). For his assignment of error concerning the trial court's purported imposition of a mandatory sentence, we held that because the sentence was agreed to by the parties, it was not reviewable under R.C. 2953.08(D)(1). *Id.* at ¶¶ 23-26.

{¶8} The trial court later issued a nunc pro tunc sentencing entry to add his sex-offender classification. In its March 2012 nunc pro tunc entry, the trial court reiterated that "a mandatory prison term * * * is not * * * required by [R.C.] 2929.13(F)." Subsequent appeals involved the trial court's sex offender classification of Straley. *See State v. Straley*, 4th Dist. Highland No. 12CA3, 2013-Ohio-3334 ("*Straley II*"); *State v. Straley*, 4th Dist. Highland No. 13CA30, 2014-Ohio-5110 ("*Straley III*").

{¶9} In April 2017, Straley filed a Crim.R. 32.1 motion to withdraw his guilty plea. He claimed that res judicata did not apply to his motion and that his guilty plea was invalid because the trial court's sentence on his three second-degree felony sexual battery convictions was void

because it imposed a non-mandatory prison sentence when a mandatory prison sentence was required. The State filed a response; and Straley submitted a reply to the response.

{¶10}  The trial court denied the motion, finding that res judicata barred it. In the alternative, the court found that Straley had not established a manifest injustice because he did not allege that at the time of his plea, he was unaware that the sentences for his second-degree felony sexual battery charges were mandatory or that he would not have entered a guilty plea had he known of their mandatory nature; and he waited eight years to file his motion.

## II. Assignments of Error

{¶11}  Straley assigns the following errors for our review:

I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE MOTION TO WITHDRAW BY APPLYING RES JUDICATA TO A VOID SENTENCE.

II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DETERMINING A MANIFEST INJUSTICE HAD NOT OCCURRED.

## III. Law and Analysis

### A. Standard of Review

{¶12}  Straley contests the trial court's denial of his post-sentence motion to withdraw his guilty plea. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; State v. *Ogle*, 4th Dist. Hocking No. 13CA18, 2014-Ohio-2251, ¶ 8. A manifest injustice is a clear and openly unjust act; it relates to a fundamental flaw in the proceedings resulting in a miscarriage of justice or a deprivation of due process. *See State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998); *Ogle* at ¶ 8; *State v. Hall*, 10th Dist. Franklin No. 03AP-433, 2003-Ohio-6939, ¶ 12. "This is an 'extremely high standard' that permits a defendant to withdraw his plea 'only in

extraordinary cases.' " *State v. Walton*, 4th Dist. Washington No. 13CA9, 2014-Ohio-618, ¶ 10, quoting *State v. Darget*, 4th Dist. Scioto No. 12CA3487, 2013-Ohio-603, ¶ 21.

{¶13} The decision to grant or deny a Crim.R. 32.1 postsentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court; thus appellate review of the denial of the motion is limited to a determination of whether the trial court abused its discretion. *Walton* at ¶ 11; *see also Smith* at paragraph two of the syllabus ("A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

### B. Res Judicata Did Not Bar Straley's Motion to Withdraw

{¶14} In his first assignment of error, Straley asserts that the trial court abused its discretion by denying the motion to withdraw by applying res judicata to a void sentence. The State initially counters that the trial court correctly applied res judicata based on our decision in *Straley I*.

{¶15} As its primary rationale for denying Straley's post-sentence motion to withdraw his guilty plea, the trial court held that it was barred by res judicata because he raised it in his prior appeal in *Straley I*.

{¶16} Res judicata generally bars defendants from raising claims in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that they either raised or could have raised in a direct appeal from their conviction. *See State v. Snyder*, 2017-Ohio-8091, 96 N.E.3d 833, ¶ 29 (4th Dist.), quoting *State v. Mackey*, 4th Dist. Scioto No. 14CA3645, 2014-Ohio-5372, ¶ 15 ("

'Courts, including this one, have applied res judicata to bar defendants from raising claims in a Crim.R. 32.1 postsentence motion to withdraw that they either raised or could have raised in a direct appeal from their judgment of conviction and sentence' "); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 ("Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal").

{¶17} In *Straley I*, Straley unsuccessfully raised the issue of whether the trial court erred regarding the mandatory nature of his prison term for his three second-degree felony sexual battery convictions. The trial court and the State understandably relied upon our holding in *Straley I*.

{¶18} Nevertheless, the Supreme Court of Ohio has held that " '[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.' " *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 20, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). This precept necessarily follows from the trial court's role at sentencing, which is to impose a sentence provided for by statute; " '[a] court has no power to substitute a different sentence for that provided by statute or one that is either greater or lesser than that provided for by law.' " *Williams* at ¶ 20, quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964).

{¶19} The Supreme Court of Ohio's void-sentence jurisprudence " 'reflects a fundamental understanding of constitutional democracy' that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute." *Williams* at ¶ 22, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶¶ 21-22. "Because '[n]o court

has the authority to impose a sentence that is contrary to law,' * * * when the trial court disregards statutory mandates, '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.' '' *Williams* at ¶ 22, quoting *Fischer* at ¶¶ 23, 30; *State v. Walker*, 8th Dist. Cuyahoga No. 105350, 2017-Ohio-7609, ¶ 13.

{¶20} The trial court sentenced Straley to an aggregate prison term of 35 years and 10 months. Included within the sentence was the trial court's imposition of 21 years in prison for his three convictions for second-degree felony sexual battery. Because the victim of these sexual battery offenses was less than 13 years of age at the time of the offenses and they were committed on or after August 3, 2006, R.C. 2929.13(F)(3)(c)(ii) required a mandatory prison term for them.[1] *See, e.g., State v. Stephen*, 7th Dist. Belmont No. 14 BE 0037, 2016-Ohio-4803, ¶ 11 ("R.C. 2929.13(F)(3) provides in pertinent part that a prison term is mandatory for a sexual battery conviction 'if the victim is less than thirteen years of age.' "); *see also* R.C. 2907.03(B) ("Whoever violates this section is guilty of sexual battery. * * *If the other person is less than thirteen years of age, sexual battery is a felony of the second degree, and the court shall impose upon the offender a mandatory prison term equal to one of the prison terms prescribed in section 2929.14 of the Revised Code for a felony of the second degree.").

{¶21} Instead, the trial court ignored R.C. 2929.13(F)(3) and sentenced Straley to non-mandatory terms on these sexual battery convictions. Therefore, because the trial court disregarded the statutory mandate of R.C. 2929.13(F)(3), its sentence for these convictions was void and not subject to res judicata notwithstanding what Straley raised or could have raised in *Straley I*.

---

[1] The State does not argue that the imposition of non-mandatory prison sentences for these convictions was not precluded by R.C. 2929.13(F).

{¶22}   The State next argues that any error by the trial court in relying on res judicata was harmless because it imposed an agreed sentence pursuant to R.C. 2953.08(D)(1), which provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶23}   In *Straley I*, we determined that R.C. 2953.08(D)(1) applied; and thus we held that we did not have authority to review Straley's assignment of error concerning the trial court's purported imposition of a mandatory sentence. *Straley I* at ¶¶ 23-26. Of note, we stated that Straley's sentence was authorized by law because it was within the statutory range of available sentences. *Id*. at ¶ 25. However, following the release of *Straley I*, the Supreme Court of Ohio defined a sentence "authorized by law" to mean more than whether the sentence falls with the statutory range for the offense:

> We do not agree with such a narrow interpretation of "authorized by law."
> Adopting this reasoning would mean that jointly recommended sentences
> imposed within the statutory range but missing mandatory provisions * * * would
> be unreviewable. Our recent cases illustrate that sentences that do not comport
> with mandatory provisions are subject to total resentencing. * * * Nor can
> agreement to such sentences insulate them from appellate review, for they are not
> authorized by law. We hold that a sentence is "authorized by law" and is not
> appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all
> mandatory sentencing provisions. A trial court does not have the discretion to
> exercise its jurisdiction in a manner that ignores mandatory statutory provisions.

See *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶

27 ("Every judge has a duty to impose lawful sentences").

*State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶¶ 20-21.

{¶24} *Underwood*, in effect, abrogated our holding in *Straley I* as it pertains to the assignments of error challenging his sentence. Here, we have already stated that the trial court was statutorily required to impose mandatory prison terms for the three second-degree felony sexual battery counts. Thus, the trial court's failure to follow the mandatory statutory provisions rendered Straley's sentence void, and unauthorized by law. Again, although the State's reliance on *Straley I*'s rationale is understandable, the State's claim that the agreed sentence could not be reviewed is meritless.

{¶25} The State next contends that any error by the trial court in failing to advise Straley that he would be subject to mandatory prison terms for the three counts of second-degree felony sexual battery charges and its failure to sentence him to the required mandatory terms did not prejudice him because he understood that he would be serving an aggregate prison term of 35 years and 10 months.

{¶26} We reject the State's contention because Straley did not understand that R.C. 2929.13(F)(3) required a mandatory prison term for the 21 years of the sentence associated with the second-degree felony sexual battery charges. The trial court's failure to follow that statutory mandate prejudiced Straley because it rendered his sentence void so that he has not yet been properly and legally sentenced in the underlying case.

{¶27} The trial court thus abused its discretion by denying Straley's motion to withdraw his guilty plea based on res judicata. We sustain Straley's first assignment of error.

**C. Straley Established a Manifest Injustice Warranting Withdrawal of his Guilty Plea**

{¶28} In his second assignment of error, Straley asserts that the trial court abused its discretion by determining that a manifest injustice had not occurred.  As an alternative rationale for its denial of Straley's motion to withdraw his guilty plea, the court found that Straley had not established a manifest injustice because he did not allege that at the time of his plea, he was unaware that the sentences for his second-degree felony sexual battery charges were mandatory or that he would not have entered a guilty plea had he known of their mandatory nature, and he waited eight years to file his motion.

{¶29} As previously discussed, a manifest injustice is a clear and openly unjust act; it relates to a fundamental flaw in the proceedings resulting in a miscarriage of justice or a deprivation of due process. *Schneider*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83. It is difficult to fathom a more fundamental flaw in proceedings than when a court imposes an illegal, void sentence on a defendant. *See Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22, citing *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶¶ 21-22 (void-sentence jurisprudence reflects a *fundamental* understanding of constitutional democracy that courts may impose sentences only as provided by statute).

{¶30} In *State v. Whitfield*, 4th Dist. Scioto No. 14CA3615, 2015-Ohio-4139, we addressed a comparable question. In that case, in accordance with a plea agreement, the defendant pleaded guilty to one count of drug trafficking, which required a mandatory prison sentence, but the trial court sentenced him to an illegal hybrid (part mandatory, part non-mandatory) sentence. After the trial court denied the defendant's pro se post-sentence motion to

withdraw his guilty plea, we reversed, finding at ¶¶ 12-13, that he had established a manifest

injustice entitling him to withdrawal of his guilty plea:

> Despite the absence of a transcript in the record, we believe that it is
> evident from the trial court's October 11, 2013 sentencing entry and February 28,
> 2014 judgment that overruled appellant's motion to withdraw guilty plea that
> appellant was led to believe that only six of his nine year sentence is mandatory.
> In fact, under *Ware* the entire nine years are mandatory.
>
> It may well be that appellant would have accepted the plea agreement even
> if it had been explained that the agreed nine year sentence was all mandatory.
> However, this misunderstanding is sufficient to persuade us that a manifest
> injustice has occurred for purposes of Crim.R. 32.1. Thus, we hereby sustain
> appellant's second assignment of error.

{¶31} In this case, the trial court misadvised Straley that his entire 35 year, 10 month

agreed prison sentence was non-mandatory even though R.C. 2929.13(F)(3) made 21 years of

that sentence mandatory. The trial court then set forth the erroneous, illegal sentence in its

judgment entry.

{¶32} Regarding the trial court's finding and the State's claim that Straley's undue delay

of over eight years justified the court's denial of his Crim.R. 32.1 motion, we disagree. Because

his sentence was void in that it included 21 years of non-mandatory prison time for his three

second-degree felony sexual battery convictions, he is permitted to contest the sentence at any

time. *See Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22, quoting *Fischer*,

128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30 (void " 'sentence may be reviewed at any time, on direct appeal or by collateral attack' ").

{¶33} Therefore, consistent with *Whitfield* and void-sentence jurisprudence, the trial court abused its discretion by denying Straley's post-sentence motion to withdraw his guilty plea. Res judicata did not bar his motion; and he established a manifest injustice. *See also Whitfield* at ¶ 15 (Harsha, J. concurring) ("res judicata does not apply because a void judgment is subject to collateral attack at any time").

{¶34} We are completely cognizant of the absurdity of this result—especially with Straley waiting approximately eight years to file his motion to withdraw his guilty plea from an agreed upon sentence; however, we, as an intermediate appellate court, are bound by the law as set forth by the Ohio Legislature and the Supreme Court of Ohio's interpretation of that law. Although we personally may not agree with the result set forth in this decision, we must sustain Straley's second assignment of error.

## IV. Conclusion

{¶35} Having sustained Straley's first and second assignments of error, we reverse the judgment of the trial court denying his motion to withdraw his guilty plea and remand the cause to that court for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE REMANDED.

Harsha, J.: Concurs with Concurring Opinion.

{¶36} I agree that our result seems absurd, but that we must apply the law as pronounced by the Supreme Court of Ohio. I also note that the real absurdity here is the fact that if Straley had taken a direct appeal and won, his sentence would have been vacated but his conviction would have remained in effect. Only the illegal sentence was void. *See Fischer* at ¶ 29. Here he waits 8 years, makes a motion to withdraw his plea based upon the imposition of an illegal, i.e. void, sentence. Now his motion to withdraw his plea must be granted, and his conviction vacated based upon the Supreme Court of Ohio's determination that a trial court's failure to follow a mandatory sentencing provision results in the sentence not simply being erroneous and thus voidable, but rather, void ab initio. Accordingly, such an error need not be raised on direct appeal, but is subject to collateral attack at any time, by a motion to vacate.

{¶37} Ohio should return to the traditional approach correcting such legal errors and declare them to be errors in the exercise of jurisdiction, not ones that divest a court of the power to make such mistakes. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980.

Abele, J.: Dissents with Dissenting Opinion.

{¶38} The absurd result in this case is regrettable, unfortunate and difficult to believe. Any attempt to explain this result to a member of the general public will certainly be met with an expression of incredulity.

{¶39} In this case the appellant, with the assistance of counsel and pursuant to the parties' plea agreement, pled guilty to eight counts of gross-sexual imposition and sexual battery, all involving a victim under thirteen years of age. In conformance with the parties' agreement, the trial court sentenced the appellant to serve thirty-five years and ten months in prison. At that time, the appellant was fully aware and in full agreement with the sentence. The problem, unbeknownst to anyone at that time, is that the trial court, as it attempted to navigate through the labyrinth we call Ohio's felony sentencing statutes, is that the court indicated that the sentence is non-mandatory when, in fact, mandatory sentences apply.

{¶40} Eight years later, appellant filed a motion to withdraw his guilty pleas. Appellant argued, citing Ohio Supreme Court decisions, that the trial court's failure to follow mandatory statutory provisions results in sentences that are unauthorized by law, and thus void. I believe that the root of the problem is the supreme court's characterization of errors in sentencing as void judgments. Generally, a void judgment is one that a court issues when it lacks jurisdiction over the parties or the subject matter, or if a court lacks the inherent power to enter a particular judgment. This is not the situation when Ohio common pleas courts issue felony sentences, unless, for example, the court exceeds the maximum sentence or somehow strays beyond the court's specific jurisdiction. That did not happen here. Obviously, the appellant is entitled to a remedy to correct his sentence, or to see that he receives the benefit of his bargain. However the withdrawal of appellant's plea at this juncture does not serve the interests of justice.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs with Concurring Opinion.
Abele, J.: Dissents with Dissenting Opinion.

For the Court

By: _____
     Marie Hoover, Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**