[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Straley,* Slip Opinion No. 2019-Ohio-5206.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-5206

THE STATE OF OHIO, APPELLANT, *v.* STRALEY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Straley,* Slip Opinion No. 2019-Ohio-5206.]

*Criminal law—Motion to withdraw a guilty plea—No manifest injustice shown—Defendant was mistakenly informed at sentencing that his sentences were nonmandatory—Defendant was informed of the maximum sentences for each count to which he pleaded guilty, confirmed that he understood the possible sentence, and was sentenced to the aggregate sentence to which he had agreed.*

(No. 2018-1176—Submitted August 6, 2019—Decided December 19, 2019.)

APPEAL from the Court of Appeals for Highland County, No. 17CA4, 2018-Ohio-3080.

_____

FRENCH, J.

{¶ 1} This appeal asks whether a defendant who pleads guilty suffers a manifest injustice under Crim.R. 32.1 if the trial court fails to tell the defendant

during his plea colloquy that a portion of his agreed-upon sentence is mandatory. Here, the court of appeals misapplied our precedent on both void sentences and postsentencing motions to withdraw a guilty plea and concluded that appellee, Gregory S. Straley, should be permitted to withdraw his guilty plea. We reverse the judgment of the Fourth District Court of Appeals and reinstate the trial court's judgment denying Straley's motion to withdraw his guilty plea.

## I. Facts and Procedural History

{¶ 2} In 2009, appellant, the state of Ohio, and Straley entered into a negotiated plea agreement through which Straley would plead guilty to 8 of the 14 counts for which he was indicted. The counts to which he agreed to plea included 3 counts of second-degree-felony sexual battery under R.C. 2907.03(A)(5) (the victim is under 13 years old at the time of the offenses). In exchange for Straley's agreement to plead guilty to those 8 counts, the state agreed to dismiss the other 6 counts of the indictment. The parties also agreed to a recommended sentence on each of the counts, with an aggregate sentence of 35 years and 10 months.

{¶ 3} At the time Straley was charged with violating R.C. 2907.03(A)(5), R.C. 2907.03(B) and 2929.13(F)(3) required mandatory prison sentences when the victim is under 13 years of age. Am.Sub.H.B. No. 95, 151 Ohio Laws, Part IV, 7059, 7067, 7087-7088. Straley's guilty-plea form included spaces for indicating whether a prison term was mandatory for each offense. The word "No" is handwritten in the corresponding spaces for each sexual-battery charge. The form also indicates that a "prison term is presumed necessary" for those charges.

{¶ 4} The trial court told Straley during his plea colloquy that none of his prison sentences were mandatory and that while it would not impose community control, Ohio law allowed community control to be imposed:

> Okay. Now, under the law none of these sentences are
> mandatory, meaning that you have to be sent to prison. Some cases

2

there are mandatory prison sentences where community control is not permitted. Community control is permitted by law in this case. It's not recommended and it's improbable that even if it were recommended that it would be granted. * * * So, you understand that that is legally possible, although it's not going to happen in this case?

The trial court also confirmed with Straley that he understood that he was agreeing to plead guilty to the specified charges "in exchange for a recommendation from the state of 35 years and ten months incarceration, and a dismissal of the other counts of the indictment." The court accepted Straley's guilty plea and imposed the agreed-upon aggregate sentence, which included consecutive seven-year prison terms for the three second-degree-felony sexual-battery offenses. Straley's sentencing entry also indicated that none of his prison sentences were mandatory.

{¶ 5} On direct appeal, Straley argued that the trial court erred by imposing mandatory sentences without first telling him they were mandatory. The court of appeals held that because the parties agreed to the sentences and the sentences were clearly authorized by law, they were not reviewable under R.C. 2953.08(D)(1). *State v. Straley*, 4th Dist. Highland No. 09CA4, 2009-Ohio-6170, ¶ 23-26 ("*Straley I*").

{¶ 6} In 2017, Straley filed a postsentencing motion under Crim.R. 32.1 to withdraw his guilty plea. He argued that res judicata did not apply and that his guilty plea was invalid because the trial court imposed nonmandatory prison terms for his second-degree-felony sexual-battery convictions instead of mandatory ones. The trial court denied the motion, finding that res judicata barred it, that Straley had not demonstrated a manifest injustice under Crim.R. 32.1 because he did not allege that at the time of his plea he was unaware that the sentences were mandatory, and that Straley waited too long—eight years—to file his motion.

**{¶ 7}** In a two-to-one decision, the Fourth District Court of Appeals reversed. 2018-Ohio-3080, 107 N.E.3d 8, ¶ 9 ("*Straley II*"). The court noted that Straley had raised the sentencing-error argument on direct appeal, but the court of appeals in *Straley I* held that R.C. 2953.08(D)(1) precluded review of the agreed sentence. *Straley II* at ¶ 7, 17. Nonetheless, the court of appeals cited our precedent on void and voidable sentences. Because the trial court sentenced Straley to nonmandatory prison terms in contravention of Ohio law, the court of appeals held that the sentences were void. *Id.* at ¶ 21. As such, res judicata did not apply, and the sentences could be reviewed at any time. *Id.* at ¶ 19-21, citing *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22.

**{¶ 8}** Next, the court of appeals rejected the state's argument that agreed-upon sentences could not be reviewed under Ohio law. *Id.* at ¶ 22. Citing our decision in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the court said that " 'a trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions.' " *Straley II* at ¶ 23, quoting *Underwood* at ¶ 20. It also rejected the state's argument that Straley knew that he had been sentenced to a prison term of 35 years and 10 months. Instead, the appellate court held that the trial court's failure to follow the statutory mandate "prejudiced Straley because it rendered his sentence void so that he has not yet been properly and legally sentenced in the underlying case." *Id.* at ¶ 26.

**{¶ 9}** The court of appeals ultimately held that the trial court's error amounted to a manifest injustice because "the trial court misadvised Straley that his entire 35 year, 10 month agreed prison sentence was non-mandatory even though R.C. 2929.13(F)(3) made 21 years of that sentence mandatory." *Straley II*, 2018-Ohio-3080, 107 N.E.3d 8, at ¶ 31. Regarding Straley's eight-year delay in filing his motion to withdraw, the court held that he was "permitted to contest the sentence at any time," "[b]ecause his sentence was void in that it included 21 years of non-mandatory prison time for his three second-degree felony sexual battery

convictions." *Id.* at ¶ 32. Although the court was "completely cognizant of the absurdity of this result," it nonetheless found itself bound by Ohio statutory law and our interpretation of it. *Id.* at ¶ 34.

{¶ 10} In a concurring opinion, Judge Harsha expressed further frustration with the "absurd" result:

> [T]he real absurdity here is the fact that if Straley had taken a direct appeal and won, his sentence would have been vacated but his conviction would have remained in effect. Only the illegal sentence was void. * * * Here he waits 8 years, makes a motion to withdraw his plea based upon the imposition of an illegal, i.e. void, sentence. Now his motion to withdraw his plea must be granted, and his conviction vacated based upon the Supreme Court of Ohio's determination that a trial court's failure to follow a mandatory sentencing provision results in the sentence not simply being erroneous and thus voidable, but rather, void ab initio. Accordingly, such an error need not be raised on direct appeal, but is subject to collateral attack at any time, by a motion to vacate.

*Id.* at ¶ 36 (Harsha, J., concurring).

{¶ 11} Writing in dissent, Judge Abele agreed that the result is absurd and that we should reconsider our void-sentence jurisprudence. He opined that the "root of the problem is the supreme court's characterization of errors in sentencing as void judgments. Generally, a void judgment is one that a court issues when it lacks jurisdiction over the parties or the subject matter, or if a court lacks the inherent power to enter a particular judgment." *Id.* at ¶ 40 (Abele, J., dissenting). "This is not the situation when Ohio common pleas courts issue felony sentences, unless, for example, the court exceeds the maximum sentence or somehow strays beyond

the court's specific jurisdiction." *Id.* He concluded that Straley is entitled to a remedy to correct his sentence, or to see that he receives the benefit of his bargain, but that the withdrawal of his guilty pleas after eight years does not serve the interests of justice. *Id.*

{¶ 12} The state appealed, and we accepted the following proposition of law:

A defendant should not be permitted to withdraw his guilty plea 8 years after the hearing when he has been given the benefit of the plea agreement reached and the problem can be remedied with a resentencing hearing.

## II. Analysis

{¶ 13} Crim.R. 32.1 provides that a trial court may grant a defendant's postsentence motion to withdraw a guilty plea to "correct a manifest injustice." To resolve this matter, we need only apply that rule and our existing plea-withdrawal precedent.

{¶ 14} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), citing *Kreiner* at 208 and *Smith* at 264. The term "has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264.

{¶ 15} Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith* at 264, citing *Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir.1966). And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard. *Smith* at paragraph two of the syllabus; *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32.

### Straley did not suffer a manifest injustice under Crim.R. 32.1

{¶ 16} This matter stems from Straley's postsentencing motion to withdraw his guilty pleas—an attack on his pleas, not his sentence. The trial court overruled the motion because (1) it was barred by res judicata, (2) Straley did not show that he would not have pled guilty if the trial court had told him about the mandatory sentences, and (3) Straley waited eight years to file the motion.

{¶ 17} The court of appeals found that Straley suffered manifest injustice based on the trial court's misstatements that his sentences were not mandatory, stating that "[i]t is difficult to fathom a more fundamental flaw in proceedings than when a court imposes an illegal, void sentence on a defendant." *Straley II*, 2018-Ohio-3080, 107 N.E.3d 8, at ¶ 29. But the sentence imposed is not the issue here. The issue is the effect that the trial court's erroneous statements had on Straley during the plea proceedings. We agree with the trial court that Straley did not show that any error caused him to forgo trial and plead guilty instead. And although Straley never argued to the trial court that he would not have pled guilty had he known some of the sentences were mandatory, the facts surrounding his plea belie

any such argument. The guilty-plea form Straley signed provided the maximum sentences for each count to which Straley was pleading guilty and informed Straley that the court could impose consecutive sentences on the counts. It included the state's sentencing recommendation as to each count, including the state's recommendation that the sentences be served consecutively. The trial court reviewed the maximum sentences with Straley four times during the plea colloquy. Straley confirmed that he understood both the maximum sentence the court could impose and that the court could order the sentences be run consecutively. Although the trial court mistakenly told Straley it was "legally possible" for the court to order community control, the trial court then clearly told Straley "it's not going to happen in this case." Straley confirmed he understood that.

{¶ 18} Straley confirmed more than once that he understood that the court was not obligated to follow the parties' agreed sentencing recommendation and that the court had discretion to sentence him to a longer sentence—up to the maximum sentence. Despite this discretion, the trial court sentenced Straley to the parties' agreed aggregate prison sentence of 35 years and 10 months. There is no manifest injustice where Straley was sentenced to the aggregate sentence to which he agreed in exchange for his guilty plea. He could not have reasonably expected to serve any less than that sentence.

{¶ 19} Straley argues that he need not show prejudice here, citing our recent decision in *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, because the trial court's misstatements had the same effect as a complete failure to satisfy Crim.R. 11. *See Bishop* at ¶ 19 (a complete failure to comply with Crim.R. 11 does not implicate an analysis of prejudice). But the trial court here did not wholly fail to comply with Crim.R. 11. Crim.R. 11(C)(2)(a) requires that a defendant understand the "nature of the charges against him and the maximum penalty involved" in order for his plea to be knowing, intelligent, and voluntary. As stated, the trial court reviewed the maximum sentences with Straley four times

during the plea colloquy, and Straley confirmed that he understood the maximum sentence on each count to which he intended to plead guilty. The guilty-plea form Straley signed also outlined the maximum sentences. Under these circumstances, Straley must show that the trial court's misstatements prejudiced him.

{¶ 20} Straley argues that the trial court's error prejudiced him because he would become eligible for judicial release under R.C. 2929.20 ten years earlier if his sentences were all nonmandatory. But at the time Straley entered his guilty plea in 2009, a person who was sentenced to a prison term of more than ten years was ineligible for judicial release. Former R.C. 2929.20, Am.Sub.H.B. No. 15, 151 Ohio Laws, Part III, 5228, 5233-5237. The General Assembly did not provide judicial-release eligibility to inmates serving sentences longer than ten years until the amendment of R.C. 2929.20 in 2011 Am.Sub.H.B. No. 86. Plainly, Straley could not have factored judicial-release eligibility into his decision to plead guilty because judicial release was not available to him in 2009.

{¶ 21} Straley's eight-year delay in moving to withdraw his plea also undercuts his assertion that he would not have pled guilty if he knew part of his sentence would be mandatory. *See Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324. Straley knew about the issue with his sentence in 2009, when he filed his direct appeal. In that appeal, Straley specifically, and unsuccessfully, argued that the trial court erred by imposing mandatory sentences without first telling him they were mandatory. *See Straley I*, 2009-Ohio-6170. He did not suggest then that the trial court's purported error affected his plea.

{¶ 22} Because Straley cannot show that he suffered prejudice, the trial court did not abuse its discretion in denying Straley's motion to withdraw his guilty plea.

### *Res judicata*

{¶ 23} Res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or

could have raised on direct appeal. *See Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 59. Straley did not argue on direct appeal that he should be permitted to withdraw his guilty plea. He argued that the trial court erred by imposing mandatory sentences without first telling him that they were mandatory. But he did not argue that the trial court's misstatements prevented him from making a knowing, intelligent, and voluntary guilty plea. Straley could have challenged his guilty plea on direct appeal. *See State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, at paragraph one of the syllabus. Because he did not, the trial court did not abuse its discretion in finding that res judicata barred Straley's motion to withdraw his guilty plea.

### *The court of appeals misapplied our precedent on void-versus-voidable sentences*

{¶ 24} In reversing the trial court's decision to deny Straley's motion, the court of appeals misapplied our precedent on void-versus-voidable sentences. Citing *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, which stated that a void sentence may be reviewed at any time, on direct appeal or by collateral attack, the appellate court rejected the trial court's application of res judicata. *Straley II*, 2018-Ohio-3080, 107 N.E.3d 8, at ¶ 19. Because the trial court sentenced Straley to nonmandatory prison terms in contravention of Ohio law, the court of appeals concluded that the sentences were void and res judicata did not preclude later review. *Id.* at ¶ 21.

{¶ 25} We have said that "[i]n general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12.

10

{¶ 26} In recent years, our void-versus-voidable-sentence jurisprudence has swelled, most notably in the context of improperly imposed postrelease control. *See, e.g.*, *Simpkins* (resentencing required because improper imposition of postrelease control rendered sentence void); *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (same); *see also Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 6-18 (providing a detailed history of our void-sentence jurisprudence). We have also applied this jurisprudence in regard to other criminal penalties. *See, e.g.*, *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 18 (failure to impose mandatory driver's-license suspension renders that part of the sentence void); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14 (failure to impose mandatory fine when no affidavit of indigency was filed renders void that part of the sentence waiving the fine); *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 28 (imposing separate sentences for allied offense renders the sentences void).

{¶ 27} As the entire appellate panel expressed, our void-versus-voidable-sentence precedent has frustrated our courts. *See also Fischer* at ¶ 41-56 (Lanzinger, J., dissenting). But here, the appellate court invoked that precedent erroneously. Straley did not attack his sentences—he used the trial court's failure to tell him that they were mandatory to support his motion to withdraw his guilty plea. Whether res judicata should apply under our void-versus-voidable-sentence precedent does not matter in this context. It applies because Straley failed to attack his guilty pleas on direct appeal. *Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 59.

### III. Conclusion

{¶ 28} We conclude that Straley did not suffer a manifest injustice when the trial court failed to tell him during his Crim.R. 11 plea colloquy that he would be subject to mandatory prison sentences for his second-degree-felony sexual-battery convictions. We reverse the judgment of the Fourth District Court of Appeals and

reinstate the trial court's judgment denying Straley's motion to withdraw his guilty plea.

Judgment reversed.

O'CONNOR, C.J., and FISCHER, J., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

DEWINE, J., concurs, with an opinion.

DONNELLY, J., concurs in judgment only, with an opinion.

STEWART, J., concurs in judgment only.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 29} Because the doctrine of res judicata bars appellee Gregory S. Straley's collateral attack on his judgment of conviction, I concur in the court's reversal of the judgment of the Fourth District Court of Appeals and reinstatement of the trial court's denial of Straley's motion to withdraw his guilty pleas. However, contrary to the majority's analysis, I would not reach the question whether Straley has proven that a manifest injustice exists that would justify withdrawing his pleas: the conclusion that res judicata bars his motion eliminates any need to reach the motion's merits.

### Facts and Procedural Posture

{¶ 30} In 2009, Straley and the state entered into a plea agreement in which he would plead guilty to 8 counts of an indictment, the state would dismiss 6 remaining counts, and the parties would jointly recommend an aggregate sentence of 35 years and 10 months in prison. Three of the counts charged Straley with second-degree-felony sexual battery under R.C. 2907.03(A)(5); those counts required the trial court to impose mandatory sentences. Pursuant to Crim.R. 11(C)(2)(a), the trial court was prohibited from accepting Straley's plea without first advising him in the plea colloquy that because the sentences for those three counts were mandatory, Straley was not eligible for the imposition of community-

control sanctions. However, the trial court instead advised Straley that none of his sentences were mandatory and that community control was permitted by law in his case and was legally possible. Nonetheless, the trial court told Straley that he would not receive community-control sanctions rather than prison, and Straley pleaded guilty pursuant to the plea agreement. The trial court then imposed the jointly recommended sentence of 35 years and 10 months in prison.

{¶ 31} On direct appeal, the appellate court rejected Straley's claim that he had not pleaded guilty to one of the three counts of second-degree-felony sexual battery, holding that the trial court had sufficiently complied with Crim.R. 11(C) and "had the authority to then (1) accept Straley's written guilty pleas and (2) convict Straley of all the counts in the plea agreement." 4th Dist. Highland No. 09CA4, 2009-Ohio-6170, ¶ 21 ("*Straley I*"). The court also rejected an assignment of error asserting that "[t]he trial court erred by imposing a mandatory sentence without advising the appellant that the sentence was mandatory," *id.* at ¶ 8, because pursuant to R.C. 2953.08(D)(1), a sentence that is jointly recommended by the parties and imposed by the trial court is not subject to review when it is "authorized by law," *id*. at 23-25. We declined review. 125 Ohio St.3d 1462, 2010-Ohio-2753, 928 N.E.2d 738.

{¶ 32} More than eight years after pleading guilty, Straley moved to withdraw his pleas, asserting that they were not entered knowingly, intelligently, and voluntarily and therefore were invalid. He also argued that the sentences on his three convictions for second-degree-felony sexual battery were void because the trial court had imposed a nonmandatory prison sentence even though a mandatory prison sentence was required by statute. The trial court denied the motion on the basis of res judicata and alternatively found that Straley had failed to demonstrate that withdrawal of his pleas was needed to correct a manifest injustice.

{¶ 33} The court of appeals reversed, holding that the sentences for the three convictions of second-degree-felony sexual battery were void because the trial

court had disregarded mandatory sentencing provisions, and therefore, res judicata did not preclude a collateral attack on them. 2018-Ohio-3080, 107 N.E.3d 8, ¶ 21 ("*Straley II*"). The appellate court then held that this court's intervening decision in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, had abrogated the holding in *Straley I*, and that because Straley's nonmandatory sentences were not authorized by law, "the State's claim that the agreed sentence could not be reviewed is meritless." *Straley II* at ¶ 24. The court held that notwithstanding the jointly recommended sentence, Straley was prejudiced by the trial court's error: "[t]he trial court's failure to follow th[e] statutory mandate prejudiced Straley because it rendered his sentence void so that he has not yet been properly and legally sentenced in the underlying case," *id.* at ¶ 26. Lastly, the court of appeals concluded that Straley had demonstrated a manifest injustice supporting his motion to withdraw his plea, because "[i]t is difficult to fathom a more fundamental flaw in proceedings than when a court imposes an illegal, void sentence on a defendant," *id.* at ¶ 29.

{¶ 34} On appeal to this court, the threshold question is whether Straley's attack on his judgment of conviction is barred by res judicata.

### Res Judicata

{¶ 35} According to the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis deleted.) *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. As we explained in *State v. Saxon*, "the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue," and it "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on

which a defendant has already received a full and fair opportunity to be heard." 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶ 36} Res judicata bars the relitigation of constitutional issues, *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, ¶ 19, including claims that the accused's guilty pleas were not knowingly, intelligently, and voluntarily made, *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59-60. It also bars an attempt to relitigate the question whether an offender's sentence complies with mandatory statutory provisions. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 10-12 (res judicata barred renewed claim that a sentence imposed for an allied offense of similar import is void).

{¶ 37} Straley could have challenged the validity of all of his guilty pleas on direct appeal. The same error that he now claims prohibited him from entering knowing, voluntary, and intelligent guilty pleas—statements in his plea colloquy that the sentences for the three second-degree-felony sexual-battery counts were not mandatory—appeared on the face of the record in 2009 when he filed his notice of appeal. Moreover, in reviewing Straley's claim on direct appeal that he had not entered a plea on one count of second-degree-felony sexual battery (one of the counts subject to a mandatory sentence), the court of appeals held that all of Straley's guilty pleas were entered after the trial court complied with Crim.R. 11, so that "the trial court had the authority to then (1) accept Straley's written guilty pleas and (2) convict Straley of all the counts in the plea agreement, including count seven." *Straley I*, 2009-Ohio-6170, at ¶ 21. The court of appeals also held that the jointly recommended sentences were "clearly authorized by law" and that Straley was bound by the sentences that he had agreed were appropriate. *Id*. at ¶ 25.

{¶ 38} We have recognized that res judicata does not apply to void judgments. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46; *State v. Wilson*, 73 Ohio St.3d 40, 45, 652 N.E.2d 196 (1995), fn. 6. But in

deciding whether res judicata barred Straley's motion to withdraw his pleas, the court of appeals, in *Straley II*, focused on the wrong judgment. The validity of Straley's pleas, convictions, and sentences had already been determined on direct appeal in *Straley I* by a valid judgment binding the parties—the Fourth District Court of Appeals had subject-matter jurisdiction to entertain an appeal from the judgment of conviction entered by the Highland County Court of Common Pleas, *see* Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2953.02. It is the appellate court's judgment in *Straley I* that bars Straley's subsequent motion to withdraw his pleas and his attempts to invalidate his sentences, notwithstanding Straley's claims that his pleas are invalid and that his sentences are void. *See McKinney*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, at ¶ 10-12; *see also State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 13 (explaining that res judicata precludes collateral attacks seeking to relitigate jurisdictional determinations).

{¶ 39} The court of appeals suggested another reason why *Straley I* did not control, stating that this court's subsequent decision in *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, "in effect, abrogated our holding in *Straley I* as it pertains to the assignments of error challenging his sentence." 2018-Ohio-3080, 107 N.E.3d 8, at ¶ 24. In *Underwood*, we held that a jointly recommended sentence was not "authorized by law" within the meaning of R.C. 2953.08(D) if that sentence did not comply with mandatory sentencing provisions. *Underwood* at ¶ 20.

{¶ 40} However, we have explained that res judicata applies despite a subsequent change in the law: "[t]here is no merit to [the] claim that *res judicata* has no application where there is a change in the law due to a judicial decision of this court." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). In *Szefcyk*, the court of appeals affirmed Szefcyk's conviction for involuntary manslaughter predicated on his commission of a minor-misdemeanor marked-lanes violation, and we declined review. *Id*. at 94. We subsequently held that a minor

misdemeanor cannot serve as the predicate offense for involuntary manslaughter, and the trial court granted Szefcyk's petition for postconviction relief on the basis of that new ruling. *Id*. at 95. The court of appeals reversed, and we affirmed, holding that because Szefcyk had already had an opportunity to fully litigate the issue on direct appeal, his petition for postconviction relief was barred by res judicata. We concluded that " ' "[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." ' " *Id*., quoting *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), quoting *Baldwin v. Traveling Men's Assn.,* 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

{¶ 41} Similarly, here, the court of appeals determined the validity of Straley's pleas, convictions, and sentences in *Straley I*, and res judicata is not defeated by the fact that the prior judgment "may have been wrong or rested on a legal principle subsequently overruled in another case." *Moitie* at 398. Because a new decision from this court is not an exception to the doctrine of res judicata, our intervening decision in *Underwood* does not give Straley a basis to collaterally attack his judgment of conviction.

{¶ 42} The majority's analysis fails to appreciate these time-honored principles. It reaches the merits of Straley's motion to withdraw his pleas before it decides whether that motion is barred by res judicata. Then, it decides that res judicata does in fact bar Straley's motion to withdraw, which obviates the need to consider the merits of that motion in the first instance. The majority concludes by editorializing that "our void-versus-voidable-sentence jurisprudence has swelled" and "has frustrated our courts" only to decide that "[w]hether res judicata should apply under our void-versus-voidable-sentence precedent does not matter." Majority opinion at ¶ 26, 27.

**{¶ 43}** However, because res judicata precludes Straley from relitigating the questions whether his pleas, convictions, and sentences are valid, any further discussion of whether this court should or should not revisit our void-sentence jurisprudence would contravene our duty not to issue advisory opinions as well as " 'the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more,' " *State ex rel. LetOhioVote.org v. Brunner*, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 51, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration*, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and in judgment).

**{¶ 44}** Because the majority opinion unnecessarily considers the merits of arguments that are barred by res judicata, I concur only in its judgment reversing the court of appeals.

———————————

**DEWINE, J., concurring.**

**{¶ 45}** I concur in today's majority decision. The majority correctly concludes that even if Gregory S. Straley's sentence could be considered void under our caselaw, he has not demonstrated a manifest injustice that would entitle him to withdraw his plea. It also correctly concludes that res judicata applies: regardless of whether Straley's sentence is void, his failure to challenge his plea on direct appeal bars him from attacking it. . .

**{¶ 46}** It is no surprise, though, that the court of appeals reached the result it did. Its conclusion flowed naturally from this court's expansion of the void-sentence doctrine beyond its traditional boundaries to include a variety of sentencing errors and from this court's broad pronouncement that a void sentence can be attacked at any time, principles of res judicata notwithstanding. *See*, *e.g.*, *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. As I, and others, have explained, this court's expansion of the void-sentence doctrine is inconsistent with concepts of jurisdiction and finality that are a central premise

of our judicial system. *See*, *e.g.*, *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 37 (DeWine, J., concurring in judgment only); *Grimes* at ¶ 27 (French, J., concurring in judgment only); *Williams* at ¶ 35-68 (Lanzinger, J., dissenting); *see also State v. Johnson*, 155 Ohio St.3d 441, 2018-Ohio-4957, 122 N.E.3d 126, ¶ 12 (DeWine, J., concurring in judgment only); *Johnson* at ¶ 17 (DeGenaro, J., concurring in judgment only).

**{¶ 47}** This case is simply further evidence that it is long past time to end this court's dalliance with perpetually modifiable sentences. . As the majority notes, all three judges on the panel below expressed their frustration with our precedent in this area. 2018-Ohio-3080, 107 N.E.3d 8, at ¶ 34 (Hoover, P.J.) ("we are completely cognizant of the absurdity of this result," but "we * * * are bound by the law as set forth by the Ohio Legislature and the Supreme Court of Ohio's interpretation of that law"); *id*. at ¶ 37 (Harsha, J., concurring) ("Ohio should return to the traditional approach correcting such legal errors and declare them to be errors in the exercise of jurisdiction, not ones that divest a court of the power to make such mistakes"); *id.* at ¶ 40 (Abele, J., dissenting) ("I believe that the root of the problem is the supreme court's characterization of errors in sentencing as void judgments").

**{¶ 48}** And the Fourth District is hardly alone. Not long ago, the Third District Court of Appeals bemoaned the "mass confusion" that has resulted from this court's departure from traditional principles "as to what mistakes by a trial court rendered a sentence void or voidable," which has been compounded by this court's "sloppiness [in expanding] the void-sentencing-error concept beyond postrelease-control cases to include other random nonjurisdictional-sentencing errors." *State v. Kegley*, 3d Dist. Crawford No. 3-18-03, 2018-Ohio-4167, ¶ 13-14. The Tenth District Court of Appeals recently warned that this court's extension of the void-sentence doctrine "threaten[s] to swallow the rule [on finality] and lead to a situation where virtually any allegedly serious error in sentencing can be revived

time and time again without being foreclosed by res judicata." *State v. Steele*, 10th Dist. Franklin No. 18AP-187, 2018-Ohio-3950, ¶ 11, fn. 1; *accord State v. Davic*, 10th Dist. Franklin No. 18AP-569, 2019-Ohio-1320, ¶ 11, fn. 2.

{¶ 49} Today, the majority takes a step in the right direction by cabining the void-sentence doctrine at least a bit. But as this case illustrates, until we return to our traditional understanding of void and voidable sentences, we—and courts across Ohio—will continue to have a mess on our hands.

_____

**DONNELLY, J., concurring in judgment only.**

{¶ 50} I concur in the court's judgment reversing the judgment of the Fourth District Court of Appeals. I agree that appellee Gregory Straley was not prejudiced by the trial court's statement at Straley's plea hearing that his entire prison sentence was nonmandatory. The reason that he was not prejudiced, though, is because the trial court imposed nonmandatory sentences.

{¶ 51} The trial court did not just fail to tell Straley that his sentences were mandatory. The court affirmatively stated that the sentences were *not* mandatory. More importantly, the plea form and sentencing entry both affirmatively stated that all of Straley's sentences are nonmandatory. A court speaks through its journal. *State v. Hampton,* 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15. If the sentencing entry states that the trial court imposed nonmandatory sentences, then Straley is serving nonmandatory sentences, plain and simple.

{¶ 52} Given that the trial court discussed the nonmandatory nature of the sentences that it intended to impose, the state had a full and fair opportunity to object to the trial court's sentencing decision. The state failed to do so at the plea and sentencing hearing and failed to appeal the matter.

{¶ 53} To the extent that res judicata should be applied here, it applies against the state. And I believe that res judicata does apply to sentencing errors like the one in this case. I agree with the position long held by former Justice Lanzinger

that sentencing errors, by and large, do not deprive a sentencing court of subject-matter jurisdiction or create a void, infinitely nonfinal sentence:

> Regardless of whether the sentence contains a mistake, everyone who leaves the courtroom after a sentencing hearing under R.C. 2929.19 has an expectation and understanding that a *final* decision has been made, one that can be appealed (by either party) within 30 days and corrected, if necessary, by the court of appeals.

(Emphasis sic.)  *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 58 (Lanzinger, J., dissenting).

{¶ 54} The state has the authority to appeal sentences that are imposed following a conviction for a felony, and the state—not the defendant—is the party that should appeal decisions that are adverse to the state.  *See* R.C. 2945.67(A); R.C. 2953.14.  Thus, although the trial court's sentencing decision contained an error, the onus was on the state to bring that error to the attention of the trial court or the court of appeals.

{¶ 55} This court has long held that defendants must abide by erroneous judgments in order to promote the interest in finality.  *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18 ("res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard"), citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268, 147 N.E. 33 (1925).  But res judicata should work in the same way against all parties, including the state.  *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 30 (Lanzinger, J., dissenting) ("If the state does not appeal an erroneous sentence within 30 days, it should not be allowed to turn back the

clock, as if the sentence did not occur"). The doctrine of res judicata must work both ways or else it does not work at all.

{¶ 56} Because Straley is serving nonmandatory sentences, he cannot demonstrate a manifest injustice irrespective of whether the nonmandatory aspect of some of those sentences is contrary to law. The trial court correctly denied Straley's motion to withdraw his guilty plea, and I agree with the majority's decision to order the reinstatement of the trial court's decision. Accordingly, I concur in judgment only.

_____

Anneka Collins, Highland County Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, for appellee.

_____